# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME WILSON,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. 1:24-cv-00426-EPG-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE JUDICIAL REMEDIES AND FOR FAILURE TO STATE A COGNIZABLE FEDERAL HABEAS CLAIM |

Petitioner Jerome Wilson is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

**A. Exhaustion**

A petitioner in state custody who is proceeding with a federal petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is

1  based on comity to the state court and gives the state court the initial opportunity to correct the
2  state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991);
3  Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by
4  providing the highest state court with a full and fair opportunity to consider each claim before
5  presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v.
6  Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971). Thus, to satisfy
7  the exhaustion requirement, Petitioner must have either pursued a direct appeal to the California
8  Supreme Court or filed a state habeas petition raising the claims now presented in the California
9  Supreme Court.[1]

10        The petition appears to indicate that Petitioner did not file an appeal or seek review in the
11  California Supreme Court with respect to the claims now presented. (ECF No. 1 at 5.[2]) If
12  Petitioner has not sought relief in the California Supreme Court for the claims that he raises in
13  the petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It is
14  possible, however, that Petitioner has presented his claims to the California Supreme Court and
15  failed to indicate this to the Court. Thus, Petitioner must inform the Court whether his claims
16  have been presented to the California Supreme Court, and if possible, provide the Court with a
17  copy of the petition filed in the California Supreme Court that includes the claims now presented
18  and a file stamp showing that the petition was indeed filed in the California Supreme Court.

19        **B. Failure to State a Cognizable Federal Habeas Claim**

20        In the petition, Petitioner states that the petition concerns a sentence, specifically noting
21  "AB 600." (ECF No. 1 at 2.) California Assembly Bill No. 600 ("A.B. 600") went into effect on
22  January 1, 2024. People v. Dain, 99 Cal. App. 5th 399, 404 (Cal. Ct. App. 2024). California
23  Penal Code "Section 1172.1 provides a recall and resentencing procedure that may be invoked

---

[1] "All courts in California have original habeas corpus jurisdiction, but that does not mean all courts must exercise it in all circumstances. A higher court 'has discretion to deny without prejudice a habeas corpus petition that was not filed first in a proper lower court.'" Robinson v. Lewis, 9 Cal. 5th 883, 895 (Cal. 2020) (citation omitted). Thus, "[p]etitioners should first file a petition for a writ of habeas corpus . . . in the superior court . . . . If the superior court denies the petition, the petitioner may then file a new petition in the Court of Appeal." Id. If the Court of Appeal denies the petition, the petitioner may then file a petition for review or a new habeas petition in the California Supreme Court. Id. at 896.

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

1  when, for example, the Secretary of the Department of Corrections and Rehabilitation
2  recommends resentencing." Dain, 99 Cal. App. 5th at 411. "A.B. 600 amended section 1172.1 to
3  allow a trial court, on its own motion, to recall a sentence and resentence a defendant when
4  'applicable sentencing laws at the time of the original sentencing are subsequently changed by
5  new statutory authority or case law.'" Id. at 412 (quoting Cal. Penal Code § 1172.1(a)(1)).
6  Petitioner believes that he is "eligible for resentencing based on changing circumstances" and
7  "recent legislation creates new grounds to resentence [Petitioner] in the interests of justice."
8  (ECF No. 1 at 4.)

9       By statute, federal courts "shall entertain an application for a writ of habeas corpus in
10 behalf of a person in custody pursuant to the judgment of a State court only on the ground that he
11 is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.
12 § 2254(a). Whether Petitioner is entitled to be resentenced pursuant to A.B. 600 is an issue of
13 state law. See Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a
14 federal habeas court to reexamine state-court determinations on state-law questions."); Langford
15 v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) ("We accept a state court's interpretation of state
16 law, and alleged errors in the application of state law are not cognizable in federal habeas
17 corpus." (citation omitted)). Accordingly, Petitioner fails to state a cognizable clam for federal
18 habeas corpus relief.

## II.

## ORDER

21     Accordingly, IT IS HEREBY ORDERED that Petitioner SHALL SHOW CAUSE why
22 the petition should not be dismissed for failure to exhaust state court remedies and for failure to
23 state a cognizable federal habeas claim within **THIRTY (30) days** from the date of service of
24 this order.
25 ///
26 ///
27 ///
28 ///

3

Petitioner is forewarned that failure to follow this order may result in dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   **May 14, 2024**              /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE