# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME WILSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Respondent. | Case No. 1:24-cv-00426-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S MOTION TO STAY AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>(ECF No. 6)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Jerome Wilson is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth herein, the undersigned recommends denial of the motion to stay and dismissal of the petition without prejudice.

**I.**

**BACKGROUND**

On April 10, 2024, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1.) On May 15, 2024, the Court ordered Petitioner to show cause why the petition should not be dismissed as unexhausted and for failure to state a cognizable federal habeas claim. (ECF No. 5.) On June 3, 2024, Petitioner moved to stay the proceedings so that he can return to state court and exhaust state remedies. (ECF No. 6.)

///

## II.

## DISCUSSION

The Rules Governing Section 2254 Cases ("Habeas Rules") require preliminary review of a habeas petition and allow a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

### A. Exhaustion

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

The petition appears to indicate that Petitioner did not file an appeal or seek review in the California Supreme Court with respect to the claims now presented, and in his motion to stay, Petitioner appears to acknowledge that his claims are unexhausted. (ECF No. 1 at 5;[1] ECF No. 6.) As Petitioner has not sought relief in the California Supreme Court for the claims that he raises in the instant petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1).

### B. Stay and Abeyance

Petitioner requests that the Court stay the instant proceeding pursuant to while Petitioner exhausts his remedies in state court. (ECF No. 6.) Under Rhines v. Weber, 544 U.S. 269 (2005), "stay and abeyance [is] available only in limited circumstances," and only when: (1) there is "good cause" for the failure to exhaust; (2) the "unexhausted claims are potentially meritorious";

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1  and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation
2  tactics." 544 U.S. at 277–78.

3        "There is little authority on what constitutes good cause to excuse a petitioner's failure to
4  exhaust" under Rhines. Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014). "The Supreme Court
5  has addressed the issue only once, when it noted that a 'petitioner's reasonable confusion about
6  whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in
7  federal court.'" Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)). The Ninth Circuit
8  has "held that good cause under Rhines does not require a showing of 'extraordinary
9  circumstances,' but that a petitioner must do more than simply assert that he was 'under the
10 impression' that his claim was exhausted." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017)
11 (quoting Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005); and Wooten v. Kirkland, 540
12 F.3d 1019, 1024 (9th Cir. 2008)). "While a bald assertion cannot amount to a showing of good
13 cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust,
14 will." Blake, 745 F.3d at 982. Here, Petitioner does not provide any explanation whatsoever
15 regarding his failure to exhaust state remedies.

16       Further, Petitioner has not demonstrated that his unexhausted claims are potentially
17 meritorious. In the petition, Petitioner states that the petition concerns a sentence, specifically
18 noting "AB 600."[2] (ECF No. 1 at 2.) Petitioner believes that he is "eligible for resentencing
19 based on changing circumstances" and "recent legislation creates new grounds to resentence
20 [Petitioner] in the interests of justice." (Id. at 4.) Whether Petitioner is entitled to be resentenced
21 pursuant to A.B. 600 is an issue of state law, "and alleged errors in the application of state law
22 are not cognizable in federal habeas corpus." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir.
23 1996). See Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal
24 habeas court to reexamine state-court determinations on state-law questions.").

---

[2] California Assembly Bill No. 600 ("A.B. 600") went into effect on January 1, 2024. People v. Dain, 99 Cal. App. 5th 399, 404 (Cal. Ct. App. 2024). California Penal Code "Section 1172.1 provides a recall and resentencing procedure that may be invoked when, for example, the Secretary of the Department of Corrections and Rehabilitation recommends resentencing." Dain, 99 Cal. App. 5th at 411. "A.B. 600 amended section 1172.1 to allow a trial court, on its own motion, to recall a sentence and resentence a defendant when 'applicable sentencing laws at the time of the original sentencing are subsequently changed by new statutory authority or case law.'" Id. at 412 (quoting Cal. Penal Code § 1172.1(a)(1)).

Based on the foregoing, the Court finds that Petitioner has not satisfied the requirements under Rhines, and the motion to stay should be denied.

### III.

### RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Petitioner's motion to stay (ECF No. 6) be DENIED; and
2. The petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.

Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 12, 2024**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE